**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| EXTRACTION OIL & GAS, Inc., *et al.*,[1] | ) |
|  | ) Case No. 20-11548 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGIES, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (collectively with attachments, the "Schedules") and the Statements of Financial Affairs (collectively with attachments, the "Statements," and together with the Schedules, the "Schedules and Statements"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by the Debtors' management, with the assistance of the Debtors' advisors, and are unaudited.

These Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred or the Debtors may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Extraction Oil & Gas, Inc. (3923); 7N, LLC (4912); 8 North, LLC (0904); Axis Exploration, LLC (8170); Extraction Finance Corporation (7117); Mountaintop Minerals, LLC (7256); Northwest Corridor Holdings, LLC (9353); Table Mountain Resources, LLC (5070); XOG Services, LLC (6915); and XTR Midstream, LLC (5624). The location of the Debtors' principal place of business is 370 17th Street, Suite 5300, Denver, Colorado 80202.

The Schedules and Statements have been signed by Tom L. Brock, Vice President, Chief Accounting Officer of Debtor Extraction Oil & Gas, Inc. Accordingly, in reviewing and signing the Schedules and Statements, Mr. Brock necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors. Mr. Brock has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

The Global Notes supplement and are in addition to any specific notes contained in each Debtor's respective Schedules or Statements. Furthermore, the fact that the Debtors have prepared Global Notes or specific notes with respect to each of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to any of the Debtors' other Schedules and Statements, as appropriate.

For the avoidance of doubt, the Debtors reserve all of their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, but the Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Bankruptcy Court.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

1. ***Description of Cases***. On June 14, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only under the lead case caption *In re Extraction Oil & Gas, Inc., et al.*, Case No. 20-11548 (CSS) (Bankr. D. Del.) [Docket No. 79]. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have not been substantively consolidated and accordingly, each Debtor has filed its own Schedules and Statements. On June 30, 2020, the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 155].

2. ***Global Notes Control***. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

3. ***"As Of" Information Date***. The asset information provided herein, except as otherwise noted, represents the asset data of each Debtor as of May 31, 2020, the date of the Debtors'

month end closure to their balance sheet, and the liability data of each Debtor as of the close of business on the Petition Date.  All other information including trade liabilities and principal and accrued interest on funded debt are provided as of the Petition Date.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

4.    ***Reservations and Limitations***.  Commercially reasonable efforts were made to prepare and file complete and accurate Schedules and Statements.  However, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except as required by applicable law.  Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any claims against the Debtors, any rights or claims of the Debtors against any third party or any issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Nothing contained in the Schedules and Statements or the Global Notes is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

5.    ***Net Book Value of Assets.***    Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of May 31, 2020.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise or market value.  Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets.  As such, the value listed in these Schedules and Statements cannot be, and was not, used to determine the Debtors' enterprise valuation.

6.    ***Recharacterization and Classifications***.  The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  However, the Debtors may have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

7.    ***Classifications***.  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to disallow, subordinate, recharacterize or reclassify such claim or contract.

8.    ***Claims Description***.  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed."  The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."  Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

9.    ***Estimates and Assumptions***.  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts, including but not limited to, amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of filing the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ materially from such estimates.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities, contingent assets and contingent liabilities, and revenues and expenses to reflect changes in those estimates or assumptions.

10.   ***Basis of Presentation***.  For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements on a consolidated basis, which were audited annually.  Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that could be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP").  Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to reconcile fully with any consolidated financial statements prepared by the Debtors.  Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.  Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

11.   ***Confidential or Sensitive Information***.   There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among

other things, concerns for the privacy of an individual.  In addition, the very existence of certain agreements is (by the terms of such agreements) confidential.  These agreements have been noted, however, as "Confidential" in the Schedules and Statements, where applicable.  The alterations or redactions are limited only to what the Debtors believe is necessary to protect the Debtor or the applicable third-party.

12.    ***Causes of Action***.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements.  The Debtors reserve all of their rights with respect to any claims or causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

In the ordinary course of their business, from time to time, the Debtors become involved in litigation and informal disputes among third parties because the Debtors may hold funds on account of mineral or other interests that are the subject of the dispute.  When such litigation or informal disputes arise, the Debtors treat the relevant funds as suspense funds.  Upon the conclusion or settlement of the litigation matter or informal dispute, as evidenced by entry of a court order or execution of a settlement agreement or similar evidence of properly cured title, or mutual informal agreement, the Debtors release the funds in question to the appropriate third party.  Because these funds may not be property of their estates, the Debtors do not believe they have any liability on account of such litigation, and such informal disputes are not included in the Schedules and Statements.

There are certain parties who may hold potential escheatment claims or claims for funds held in suspense against the Debtors.  These parties received notice of the Schedules, commencement of these chapter 11 cases, and the claims bar date.  However, such claims are not disclosed in the Schedules to the extent that the Debtors lack sufficient information about the escheatment.

13.    ***Paid Claims***.  Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases (the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, royalty holders, potential lien holders and taxing authorities.  Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and, therefore, generally are not listed in the Schedules and Statements.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend

or supplement the Schedules and Statements as is necessary or appropriate, or to take other action as is necessary and appropriate to avoid over-payment of, or duplicate payments for, any such liabilities.

14.    ***Liabilities***.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

15.    ***Excluded Assets and Liabilities***.  The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements and certain accrued expenses. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that have been or may be rejected (if any), to the extent such damage claims exist.  In addition, certain immaterial or *de minimis* assets and liabilities may have been excluded.  Finally, certain liabilities authorized to be paid pursuant to the First Day Orders are excluded from the Schedules and Statements.

16.    ***Intellectual Property Rights.***  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, have not otherwise expired by their terms, or have not been assigned or otherwise.

17.    ***Property and Equipment***.  Unless otherwise indicated, owned property (including real property) and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect thereto.

18.    ***Intercompany Payables and Receivables***.  The listing by the Debtors of any account between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account.  The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a claim, an Interest, or not allowed at all.  The Debtors and all parties in interest reserve all rights with respect to such accounts.

19.    ***Estimates***.  To prepare and file the Schedules and Statements in accordance with the deadline established in these chapter 11 cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.

The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

20.     *Currency*.  All amounts are reflected in U.S. dollars.

21.     *Duplication*.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

22.     *Executory Contracts and Unexpired Leases*.  Although the Debtors have made diligent attempts to properly identify the Debtor counterparty(ies) to each executory contract and unexpired lease on Schedule G, it is possible that more Debtor entities are a counterparty to certain executory contracts and unexpired leases on Schedule G than listed herein.  The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend Schedule G.  In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by the any counterparty to such contract or lease.  Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

23.     *Umbrella or Master Agreements*.  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.  This includes insurance policies and master service agreements which were signed by Extraction Oil & Gas, Inc. but cover other Debtors.

24.     *Leases*.  The Debtors have not included the future obligations of any capital or operating leases in the Schedules and Statements.  To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, minerals, or other property interests and equipment from third-party lessors for use in the daily operation of their business.  Any known prepetition obligations of the Debtors pursuant to the same have been listed on Schedule F, the underlying lease agreements are listed on Schedule G, or, if the leases are in the nature of real property interests under applicable non-bankruptcy laws, on Schedule A.  Nothing in the Schedules or Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement or a real property interest), and the Debtors reserve all rights with respect to such issues.

25. ***Insiders***. The Debtors have attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider." As to each Debtor, an individual or entity is designated as an "insider" if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to unqualifiably dictate corporate policy and the disposition of corporate assets.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are insiders for purpose of section 101(31) of the Bankruptcy Code. Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtors; or (iv) whether such individual or entity could successfully argue that it is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose.

Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the 12-month period preceding the Petition Date, but the Debtors have included them herein out of an abundance of caution. The Debtors reserve all rights with respect thereto.

26. ***Totals***. All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

27. ***Unliquidated Claim Amounts***. Claim amounts that could not be quantified by the Debtors are scheduled as "unliquidated."

28. ***Undetermined Amounts***. The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

29. ***Setoffs and Recoupments***. The Debtors routinely incur setoffs, recoupments and net payments in the ordinary course of business. Such setoffs, recoupments and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, credits, rebates, returns, refunds, negotiations, and/or disputes between the Debtors and their customers and/or suppliers. These normal, ordinary course setoffs, recoupments and nettings are common to the industry. Due to the voluminous nature of setoffs, recoupments and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoff, recoupment and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs and recoupments are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements. In addition, some amounts listed in the

Schedules and Statements may have been affected by setoffs, recoupments or nettings by third parties of which the Debtors are not yet aware and/or of which the Debtors have approved to effectuate in the claims process of their chapter 11 cases. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

30. *Credits and Adjustments*. The claims of individual creditors for, among other things, goods, products or services are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights respecting such credits, allowances and other adjustments.

31. *Payments*. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management System") (as more fully described in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions and (II) Granting Related Relief* (the "Cash Management Motion") [Docket No. 4]). Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute any payments to a different legal entity, if appropriate.

32. *Stock Options, Restricted Stock Awards and Restricted Stock Units.* In the ordinary course of business, the Debtors award certain stock options, restricted stock awards and restricted stock units to employees as part of such employees' compensation. Because these awards represent interests in the Debtors, not claims, the Debtors have not listed such restricted stock awards or restricted stock units in the Schedules and Statements.

33. *Guaranties and Other Secondary Liability Claims*. The Debtors have used their best efforts to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") in their executory contracts, unexpired leases, debt instruments, and other such agreements; however, a review of these agreements, specifically the Debtors' leases and contracts, is ongoing. Where such Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guaranties. The Debtors have reflected the Guaranty obligations for both the primary obligor and the guarantor with respect to their financings and debt instruments on Schedule G. The Debtors believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, other secured financing, debt instruments, and similar agreements may exist and, to the extent they do, will be identified upon further review. Therefore, the Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified.

34. *Mechanics' Liens*. The property and equipment listed in the Schedules are presented without consideration of any mechanics', materialman's', or other similar statutory liens. Such liens may apply, and the Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

## Specific Disclosures with Respect to the Debtors' Schedules

35.  ***Schedule A/B.***  Real property is reported at book value, net of accumulated depreciation on buildings and improvements.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all of their rights to recategorize or recharacterize such asset holdings to the extent the Debtors determine that such holdings were listed incorrectly.

Under applicable state law, certain oil and gas leases, royalty interests, overriding royalty interests, non-executive mineral interests, non-participating royalty interests, rights of way, and easements are real property interests in law.  The Debtors have included information about the instruments governing such interests on Schedule A, but have not duplicated such leases on Schedule G regardless of whether such instruments may be considered executory contracts or unexpired leased within the meaning of section 365 of the Bankruptcy Code.

Certain of the instruments reflected on Schedule A may contain renewal options, guaranties of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not separately set forth on Schedule A.  The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A is an executory contract within the meaning of section 365 of the Bankruptcy Code.  The Debtors reserve all of their rights, claims, and Causes of Action with respect to claims associated with any contracts and agreements listed on Schedule A or Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim.

The Debtors' failure to list any rights in real property on Schedule A/B should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their Causes of Action or potential Causes of Action against third parties as assets in the Schedules and Statements.  The Debtors reserve all of their rights with respect to any Causes of Action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, Causes of Action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

There are certain parties who may hold potential escheatment claims or claims for funds held in suspense against the Debtors.  Such claims are not disclosed in the Schedules.

36.  ***Schedule A/B 3.***  Amounts listed reflect the bank balance not the net book value.  Bank account balances listed in Part 1 represent the balance as of June 13, 2020.

37.  ***Schedule A/B 8.***  The listed prepaid insurance is as of June 13, 2020.

38.  ***Schedule A/B 11.***  In the ordinary course of the Debtors' businesses, cash settlements must occur after the completion of an accounting settlement cycle, which typically takes 60 days

following the end of a production month for revenue and 90 to 120 days following the end of a production month for joint interest billing.  The timeframe to calculate a net proceed for a given production month requires the following steps:  (a) invoicing of joint interest partners; (b) payment of capital and operating expenses; (c) receipt of gross sales revenues; (d) receipt of gross gathering, processing, and transportation expense invoices; (e) receipt of joint interest billing payments; and (f) disbursement of payments to mineral and other interest owners.  Accordingly, there is a significant amount of accounts receivable owed to the Debtors as of the Petition Date which will be recouped or reimbursed in the ordinary course of business.

39.     ***Schedule A/B 72.***  The Debtors file federal taxes on a consolidated basis.  Net operating losses ("NOLs") and general business credit carryforwards are available to offset taxable income or reduce the tax liability of the consolidated group, of which Extraction Oil & Gas, Inc. is the parent.  Amounts listed for federal NOLs and general business credit carryforwards are based on the Debtors' reasonable estimates.  Open returns remain subject to review and audit.

40.     ***Schedule A/B 77.***  Certain of the Debtors list an aggregate value of oil and natural gas properties held by the applicable Debtor.  Oil and gas properties are comprised of both proved and unproved properties.  Due to the voluminous nature of the numerous assets associated with these properties, including, but not limited to, leases, materials, and equipment, the Debtors have not provided an enumerated list of the individual assets, other than leases, which are set forth in Schedule A/B 55.

41.     ***Schedule D.***  Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien.  Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.  Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

The amounts reflected outstanding under the Debtors' prepetition funded indebtedness reflect approximate principal and accrued interest as of the Petition Date.  Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facility and other funded secured indebtedness, only the administrative agents or indenture trustees have been listed for purposes of Schedule D.

Schedule D does not include parties who have filed notices of perfection of liens pursuant to section 546(b) of the Bankruptcy Code.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of another Debtor, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

42.    ***Schedule E/F, Part 1: Creditors Holding Priority Unsecured Claims***. The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time. All claims listed on Part 1 of the Debtors' Schedule E/F are claims arising from tax, wage, or wage-related obligations to which the Debtors may potentially be liable. Certain of such claims, however, may be subject to ongoing audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Part 1 of Schedule E/F. Accordingly, the Debtors have listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues. Additionally, as more fully set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 6], claims against the Debtors on account of wage or wage-related obligations to independent contractors may maintain priority treatment under section 507 of the Bankruptcy Code, but are subject to the priority cap imposed under subsections (a)(4) and (a)(5) of section 507 of the Bankruptcy Code. Further, to the extent such claims have been paid or may be paid pursuant to a court order, they may not be included on Schedule E/F.

43.    ***Schedule E/F, Part 2: Creditors Holding Non-Priority Unsecured Claims.***

Schedule E/F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Part 2 of Schedule E/F based upon the Debtors' existing books and records. The Debtors have attempted to relate all liabilities to each particular Debtor.

Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors and, as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Debtors reserve all rights to assert any such setoff or recoupment rights. Additionally, certain creditors may assert mechanics', materialman's', or other similar

liens against the Debtors for amounts listed on Schedule E/F.  The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor.

The claims listed in Schedule E/F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding pending litigation involving the Debtors.  In certain instances, the Debtor or related co-defendants that are the subject of the litigation may be unclear or undetermined.  To the extent that litigation involving a particular Debtor or related co-defendant has been identified, such information is contained in the Schedule for that Debtor.  Additionally, to the extent the identification of contingent co-defendants is unknown or unclear, the Debtors have listed only the underlying litigation.  The amounts for these potential claims are listed as unknown and marked as contingent, unliquidated, and disputed in the Schedules.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in whole or in part in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease.  In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts or unexpired leases that have been or may be rejected, to the extent such damage claims exist.

The Debtors have made reasonable efforts to locate and identify Guaranties in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party.  Where Guaranties have been identified, they have been included in the relevant Schedules for the Debtor or Debtors affected by such Guaranties as a contingent and unliquidated obligation.  The Debtors have placed the Guaranties on Schedule H for both the primary obligor and the guarantor of the relevant obligation.  Guaranties were additionally placed on Schedule D or F for each guarantor, except to the extent they are associated with obligations under an executory contract or unexpired lease identified on Schedule G.  It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted.  The Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified or such Guaranties are discovered to have expired or be unenforceable.  In addition, the Debtors reserve the right to amend the Schedules and Statements and to re-characterize or reclassify any such contract or claim, whether by amending the Schedules and Statements or in another appropriate filing.  Additionally, failure to list any Guaranties in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guaranties not listed.

In addition, certain claims listed on Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Additionally, as discussed in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Payment of (A) Mineral Payments, (B) Working Interest Disbursements, and (C) Joint Interest Billings and (II) Granting Related Relief* [Docket No. 12] (the "Mineral Interests Motion"), the Debtors maintain certain "suspended funds." The suspended funds represent amounts on account of the Royalties (as defined in the Mineral Interests Motion) that are due but are otherwise unpayable for a variety of reasons, including incorrect contact information, unmarketable title, and ongoing disputes over ownership of the underlying interest. Subject to applicable laws, when and to the extent the Debtors are provided evidence or sufficient notice that the issue preventing payment of the suspended funds to the correct party is resolved, the Debtors release the applicable suspended funds in question. Accordingly, Schedule E/F does not list parties with potential interests in the suspended funds other than parties to litigation with respect to such suspended funds.

The Debtors are obligated under various agreements to market the oil and gas production of certain owners of working interests to potential purchasers and remit the amounts due to the appropriate parties. Specifically, following the sale of production and the receipt of proceeds attributable thereto, the Debtors are obligated to remit the net amount of those proceeds belonging to the owner of the working interest, net of all applicable mineral interests, gathering costs, processing and transportation expenses, and production taxes, as applicable. Certain agreements require the Debtors to process and forward to the appropriate parties, from funds otherwise belonging to third parties, the amounts due on account of such interests and expenses. The foregoing amounts were authorized to be paid under applicable First Day Orders, may not be property of the Debtors' estates, and are not included in Schedule E/F.

44.     ***Schedule G.*** While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases for each of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous service orders or work orders pursuant to a master consulting agreement or master service agreement, which service orders or work orders are not listed individually on Schedule G. Each master consulting agreement or master service agreement listed on Schedule G shall include all service orders or work orders entered into pursuant to such master agreement unless otherwise noted.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guaranties of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and division order agreements. Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and Causes of Action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. The inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by the counterparty to such contract or lease, and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

Certain of the executory contracts and unexpired leases listed in Schedule G may have been assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors. The Debtors have attempted to list the appropriate Debtor parties to each contract, agreement, and lease on Schedule G; however, there may be instances in which other Debtor entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases. Accordingly, the Debtors have listed certain contracts, agreements, and leases on Schedule G of the Debtor entity corresponding to the applicable contracting entity which may, upon further review, differ

from the primary entity conducting business with the counterparty to that particular contract, agreement, or lease.  In instances where the Debtors were unable to determine which Debtor is the party to a contract, agreement, or lease, the Debtors have listed such contracts, agreements, or leases on Schedule G for Debtor Extraction Oil & Gas, Inc.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

45.     ***Schedule H.***  The Debtors have not listed any litigation-related co-Debtors on Schedule H. Instead, such listings can be found on the Debtors' Schedules E/F.  In addition, the Debtors have not listed intercompany guarantees between the Debtors.

## Specific Disclosures with Respect to the Debtors' Statements

1.     ***Statement 3.***  Payments to the Debtors' bankruptcy professionals and insiders, and payments on account of intercompany transactions, wage garnishments, and donations are not included in the payments to creditors.  Payments to the aforementioned parties are included in the following locations within the Statements: bankruptcy professionals (Statement 11), insiders (Statement 4), donations (Statement 9 or Statement 13), and intercompany transactions (Statement 4).  The listing of any individual or entity as an insider does not constitute an admission or determination that any such individual is or is not an insider.

2.     ***Statement 4.***  The value of restricted stock listed on Statement 4 reflects realized income on date of vest.

Statement 4 accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable.  As described in the Cash Management Motion, in the ordinary course of business, certain of the Debtor and non-Debtor entities and business divisions maintain business relationships with each other, resulting in intercompany receivables and payables (the "Intercompany Claims").  Instead of listing each of these numerous transactions and entries in their Statements and Schedules for each month, the Debtors have included monthly balances and net activity for the one year prior to the Petition Date.  In addition, the Debtors have separately listed any cash payments between Debtors and between Debtors and non-Debtor affiliates.  These cash transactions are also recorded in the net monthly activity listing in the Debtors' books and records.

3.     ***Statement 6.***  For a discussion of setoff, recoupment and nettings incurred by the Debtors, refer to paragraph 23 of these Global Notes.

4.     ***Statement 7.***  The Debtors have not included workers' compensation claims in response to this question because the Debtors maintain that this disclosure would be in violation of

certain laws, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

5.    ***Statement 13.***  Any values listed in the description of the property transferred are estimates and included for illustrative purposes only, as many transactions include adjustments to the purchase price post-closing.  Futher, certain transactions relating to property sales were made by more than one Debtor.  The Debtors have elected to reflect an estimated aggregate transaction value across all of the associated Debtor entities.

6.    ***Statement 21.***  In connection with their oil and gas assets, the Debtors are obligated, pursuant to their oil and gas leases and other agreements, to remit to the lessors of the oil and gas leases and potentially other parties their share of revenue from the producing wells located on the respective real property, pursuant to the terms of their oil and gas lease.  In addition, overriding royalties must be remitted to the owners of those interests, and the holders of non-executive mineral interests, as well as the holders of nonparticipating royalty interests, must receive the proceeds due to them pursuant to the applicable agreement.  The foregoing amounts were authorized to be paid under applicable First Day Orders, may not be property of the Debtors' estates, and are not included in Statement 21.

The Debtors are obligated under various agreements to market the oil and gas production of certain owners of working interests to potential purchasers and remit the amounts due to the appropriate parties.  Specifically, following the sale of production and the receipt of proceeds attributable thereto, the Debtors are obligated to remit the net amount of those proceeds belonging to the owner of the working interest, net of all applicable mineral interests, gathering costs, processing and transportation expenses, and production taxes, as applicable.  Certain agreements require the Debtors to process and forward to the appropriate parties, from funds otherwise belonging to third parties, the amounts due on account of such interests and expenses.  The foregoing amounts were authorized to be paid under applicable First Day Orders, may not be property of the Debtors' estates, and are not included in Statement 21.

The Debtors jointly own certain surplus inventory that was originally obtained on behalf of the applicable joint interest owner for the drilling, maintenance or operation of an oil and gas property.  If these materials are ultimately not needed at the subject property they may be stored as surplus inventory either at an oil and gas property site or a storage yard.

The Debtors do not hold or control property that is owned by other entities outside of commercial arrangements such as leasing or renting property for the Debtors' use. The Debtors' do not control property partially owned by joint interest partners as the operator of oil and gas properties. Such equipment is in use supporting oil and gas production on jointly owned locations operated by the Debtors.

7.    ***Statements 22-24.***  The Debtors historically have operated over a substantial period of time and periodically have:  (a) been party to judicial and administrative proceedings under environmental laws; (b) received notification from governmental units of potential liability under, or violations of, environmental laws; and (c) notified governmental units of releases of hazardous materials.  The Debtors may no longer have active operations in a particular

jurisdiction and may no longer have relevant records, or the records may no longer be complete or reasonably accessible or reviewable. In some cases, statutory document retention periods have passed. Further, some individuals who once possessed responsive information are no longer employed by the Debtors. For all these reasons, it may not be reasonably possible to identify and supply all of the requested information that is responsive to Statements 22-24. The Debtors have made commercially reasonable efforts to provide responsive information for matters and issues that have arisen and/or that the Debtors consider to have been resolved. The Debtors acknowledge the possibility that information related to proceedings, governmental notices, and reported releases of hazardous materials responsive to Statements 22-24 may be discovered subsequent to the filing of the Schedules and Statements. The Debtors reserve the right to supplement or amend this response in the future if additional information becomes available.

This response covers proceedings, governmental notices, and reported releases of hazardous materials related to the primary applicable environmental laws and does not include proceedings, governmental notices, or reported releases related to non-environmental laws, such as occupational safety and health laws or general transportation laws. This response is also limited to identifying circumstances in which governmental agencies have alleged in writing that particular operations of the Debtors are in violation of environmental laws and proceedings that have resulted from alleged violations of environmental laws. This response does not cover: (a) periodic information requests, investigations, or inspections from governmental units concerning compliance with environmental laws; or (b) routine reports and submissions concerning permitted discharges resulting from routine operations where such reports and submissions were made in compliance with regulatory requirements, such as monthly discharge monitoring reports, quarterly and annual air emissions reports, quarterly and annual groundwater monitoring reports, deviation/exceedance reports, and annual toxic release inventory reports. In addition, Statement 7 may identify information that is also responsive to Statement 22. This response assumes that any responsive information provided in response to Statements, Part 12, Question 22, is also deemed to have been provided in response to Statements, Part 12, Questions 23-24, as appropriate.

8.   ***Statement 26D.*** Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, Extraction Oil & Gas, Inc. has filed with the U.S. Securities and Exchange Commission (the "<u>SEC</u>") reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information relating to the Debtors. Additionally, consolidated financial information for the Debtors is posted on the company's website at http://www.irextractionog.com/financial-information/sec-filings. Because the SEC filings and the website are of public record, the Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the Debtors. In addition, in the ordinary course of business, the Debtors provide financial statements that may not be part of a public filing to certain parties, such as financial institutions, investment banks, debtholders, auditors, potential investors, vendors, and financial advisors. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in response to Statement 26D.

\*     \*     \*

18

**Fill in this information to identify the case:**

Debtor name  Table Mountain Resources, LLC

United States Bankruptcy Court for the: _____  District of Delaware

Case number (If known): 20-11555

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

1. **Gross revenue from business**

   ☒ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From _____<br>MM / DD / YYYY | to | Filing date | ☐ Operating a business<br>☐ Other _____ | $_____ |
| For prior year: | From _____<br>MM / DD / YYYY | to | _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |
| For the year before that: | From _____<br>MM / DD / YYYY | to | _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☒ None

| | | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From _____<br>MM / DD / YYYY | to | Filing date | _____ | $_____ |
| For prior year: | From _____<br>MM / DD / YYYY | to | _____<br>MM / DD / YYYY | _____ | $_____ |
| For the year before that: | From _____<br>MM / DD / YYYY | to | _____<br>MM / DD / YYYY | _____ | $_____ |

Debtor    Table Mountain Resources, LLC _____    Case number (*if known*) 20-11555 _____
                  Name

## Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**

   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☒ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | | | $ _____ | ☐ Secured debt |
| | Creditor's name | _____ | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City            State       ZIP Code | _____ | | ☐ Other _____ |
| 3.2. | | | $ _____ | ☐ Secured debt |
| | Creditor's name | _____ | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City            State       ZIP Code | _____ | | ☐ Other _____ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | | | $ _____ | _____ |
| | Insider's name | _____ | | _____ |
| | Street | | | _____ |
| | City            State       ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |
| 4.2. | | | $ _____ | _____ |
| | Insider's name | _____ | | _____ |
| | Street | | | _____ |
| | City            State       ZIP Code | | | |
| | **Relationship to debtor** | | | |

Debtor    Table Mountain Resources, LLC                                     Case number (if known) 20-11555
          _____                          _____
          Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. | | | |
| Creditor's name | | | $ _____ |
| Street | | | |
| City        State        ZIP Code | | | |
| 5.2. | | | |
| Creditor's name | | | $ _____ |
| Street | | | |
| City        State        ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name | | | $ _____ |
| Street | | | |
| City        State        ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

<table>
<tr><td>**Part 3:**</td><td>**Legal Actions or Assignments**</td></tr>
</table>

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☒ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. | | Name | ☐ Pending |
| Case number | | Street | ☐ On appeal |
| | | | ☐ Concluded |
| | | City        State        ZIP Code | |
| 7.2. Case title | | Court or agency's name and address | ☐ Pending |
| | | Name | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | City        State        ZIP Code | |

Debtor    Table Mountain Resources, LLC
          _____          Case number (if known) 20-11555 _____
          Name

---

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

[X] None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ _____ |
| Custodian's name | **Case title** | **Court name and address** |
| Street | | Name |
| City          State      ZIP Code | **Case number** | Street |
| | | City          State      ZIP Code |
| | **Date of order or assignment** | |

---

## Part 4:    Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

[X] None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| **9.1.** Recipient's name | | _____ | $_____ |
| Street | | | |
| City          State      ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| **9.2.** Recipient's name | | _____ | $_____ |
| Street | | | |
| City          State      ZIP Code | | | |
| Recipient's relationship to debtor | | | |

---

## Part 5:    Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

[X] None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss  If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| | | _____ | $_____ |

---

Debtor    Table Mountain Resources, LLC _____     Case number *(if known)* 20-11555 _____
            Name

## Part 6:    Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

11.1. _____

**Address**

_____
Street

_____
City              State      ZIP Code

**Email or website address**

_____

**Who made the payment, if not debtor?**

_____

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

11.2. _____

**Address**

_____
Street

_____
City              State      ZIP Code

**Email or website address**

_____

**Who made the payment, if not debtor?**

_____

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $_____ |

**Trustee**

_____

Debtor    Table Mountain Resources, LLC _____    Case number (*if known*) 20-11555 _____
      Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City    State    ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | **Who received transfer?** | _____ | _____ | $_____ |
| | _____ | _____ | | |
| | **Address** | | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City    State    ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| | Address | Dates of occupancy | |
|---|---|---|---|
| 14.1. | _____ | From _____ | To _____ |
| | Street | | |
| | _____ | | |
| | City    State    ZIP Code | | |
| 14.2. | _____ | From _____ | To _____ |
| | Street | | |
| | _____ | | |
| | City    State    ZIP Code | | |

Debtor    Table Mountain Resources, LLC _____    Case number (if known) 20-11555 _____
_____Name_____

| **Part 8:** | **Health Care Bankruptcies** |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

[X] No. Go to Part 9.

[ ] Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____ Facility name | _____ | _____ |
| _____ Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| _____ City        State        ZIP Code | _____ | *Check all that apply:* [ ] Electronically [ ] Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2. _____ Facility name | _____ | _____ |
| _____ Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| _____ City        State        ZIP Code | _____ | *Check all that apply:* [ ] Electronically [ ] Paper |

| **Part 9:** | **Personally Identifiable Information** |

**16. Does the debtor collect and retain personally identifiable information of customers?**

[X] No.

[ ] Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

[ ] No

[ ] Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

[X] No. Go to Part 10.

[ ] Yes. Does the debtor serve as plan administrator?

[ ] No. Go to Part 10.

[ ] Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

Has the plan been terminated?

[ ] No

[ ] Yes

Debtor    Table Mountain Resources, LLC
_____    Case number (if known) 20-11555 _____
Name

---

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1. _____<br>Name<br>_____<br>Street<br>_____<br>_____<br>City    State    ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. _____<br>Name<br>_____<br>Street<br>_____<br>_____<br>City    State    ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name<br>_____<br>Street<br>_____<br>City    State    ZIP Code | _____<br>_____<br>**Address**<br>_____<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name<br>_____<br>Street<br>_____<br>City    State    ZIP Code | _____<br>_____<br>**Address**<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

---

Debtor ___Table Mountain Resources, LLC_____    Case number (if known) _20-11555_____
               Name

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| | | | |
| City            State        ZIP Code | | | |

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| **Case number** | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City          State        ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| City        State    ZIP Code | City        State    ZIP Code | | |

Debtor    Table Mountain Resources, LLC _____    Case number (if known) 20-11555 _____
    Name

---

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | _____ |
| Street | Street | | |
| City    State    ZIP Code | City    State    ZIP Code | | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | Name<br>Street<br>City    State    ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____    To _____ |
| 25.2. | Name<br>Street<br>City    State    ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____    To _____ |
| 25.3. | Name<br>Street<br>City    State    ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____    To _____ |

---

Debtor    __Table Mountain Resources, LLC_____    Case number (if known)_20-11555_____
            Name

---

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1.    See Attached Rider | From _____    To _____ |

| Name and address | Dates of service |
|---|---|
| 26a.2.    _____ <br> Name <br> _____ <br> Street <br> _____ <br> City                State        ZIP Code | From _____    To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1.    PRICEWATERHOUSECOOPERS LLP <br> 300 MADISON AVENUE <br> NEW YORK, NY 10017 | From 06/13/2018   To  Present |

| Name and address | Dates of service |
|---|---|
| 26b.2.    _____ <br> Name <br> _____ <br> Street <br> _____ <br> City                State        ZIP Code | From _____    To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.    See Attached Rider | _____ <br> _____ <br> _____ |

---

Debtor  Table Mountain Resources, LLC                          Case number (if known) 20-11555
_____Name_____

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. | |
| Name | |
| Street | |
| City                State                ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.   See Attached Rider |

| Name and address |
|---|
| 26d.2. |
| Name |
| Street |
| City                State                ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name |
| Street |
| City                State                ZIP Code |

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          page 12

Debtor    Table Mountain Resources, LLC _____    Case number *(if known)* 20-11555 _____
          Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|

27.2.

_____
Name

_____
Street

_____
City                                    State        ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See Attached Rider | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**
   ☐ No
   ☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| See Attached Rider | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

   Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?
   ☐ No
   ☒ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. Please refer to Statement of Financial Affairs Question 4. | _____ | _____ | _____ |
| Name | | | |
| _____ Street | | _____ | |
| _____ City                    State        ZIP Code | | _____ | |
| **Relationship to debtor** | | _____ | |
| | | _____ | |

Debtor      Table Mountain Resources, LLC                                    Case number (*if known*) 20-11555
            Name

| | | |
|---|---|---|
| **Name and address of recipient** | _____ | _____ |

30.2

Name _____                                        _____

Street _____                                      _____

_____                                             _____

City              State        ZIP Code                                      _____

**Relationship to debtor**                                                   _____

_____

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☒ No

☐ Yes. Identify below.

| **Name of the parent corporation** | **Employer Identification number of the parent corporation** |
|---|---|
| _____ | EIN: ___  ___ – ___  ___  ___  ___  ___  ___ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| **Name of the pension fund** | **Employer Identification number of the pension fund** |
|---|---|
| _____ | EIN: ___  ___ – ___  ___  ___  ___  ___  ___ |

| Debtor | Table Mountain Resources, LLC | Case number (if known) | 20-11555 |
|---|---|---|---|
| | Name | | |

---

**Part 14:**  **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/31/2020
                        MM  / DD  / YYYY

✖   /s/ Tom L. Brock                                        Printed name  Tom L. Brock
Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Vice President, Chief Accounting Officer

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**

☒  No
☐  Yes

---

Debtor Name: Table Mountain Resources, LLC                                          Case Number: 20-11555

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Debtor | Description | Counterparty | May 31, 2019 | May 31, 2020 | Change* |
|---|---|---|---|---|---|
| Table Mountain Resources, LLC | Intercompany Payable | Extraction Oil & Gas, Inc. | ($62,500.00) | ($72,500.00) | ($10,000.00) |

**\*Positive balances represent an increase in a receivable balance or a decrease in a payable balance. Negative balances represent a decrease in a receivable balance or an increase in a payable balance.**

Debtor Name: Table Mountain Resources, LLC                              Case Number:   20-11555

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name & Address | Dates of service From | Dates of service To |
|---|---|---|
| CHAD YEAGER<br>370 17TH STREET<br>SUITE 5300<br>DENVER, CO 80202 | 06/13/2018 | Present |
| TOM BROCK<br>370 17TH STREET<br>SUITE 5300<br>DENVER, CO 80202 | 06/13/2018 | Present |

Debtor Name:        Table Mountain Resources, LLC                    Case Number:        20-11555

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26c:** Firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Name and Address | If any books of account and records are unavailable explain why |
|---|---|
| CHAD YEAGER<br>370 17TH STREET<br>SUITE 5300<br>DENVER, CO 80202 | |
| TOM BROCK<br>370 17TH STREET<br>SUITE 5300<br>DENVER, CO 80202 | |

| Debtor Name: | Table Mountain Resources, LLC | | Case Number: | 20-11555 |
| --- | --- | --- | --- | --- |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

| Name & Address |
| --- |

Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, Extraction Oil & Gas, Inc., has filed with the U.S. Securities and Exchange Commission (the "SEC") reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information relating to the Debtors. Additionally, consolidated financial information for the Debtors is posted on the company's website at http://www.irextractionog.com/financial-information/sec-filings. Because the SEC filings and the website are of public record, the Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the Debtors. In addition, in the ordinary course of business, the Debtors provide certain parties, such as financial institutions, investment banks, debtholders, auditors, potential investors, vendors, and financial advisors, financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in response to this question.

Debtor Name: Table Mountain Resources, LLC                                      Case Number:   20-11555

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 28:** Debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and Address | Position and nature of any interest | % of interest if any |
|---|---|---|
| BOIES, ALLYSON G.<br>ADDRESS ON FILE | Vice President, Land | N/A |
| BROCK, TOMMIE L.<br>ADDRESS ON FILE | Vice President, Chief Accounting Officer | N/A |
| CAIN, BRIAN D.<br>ADDRESS ON FILE | Vice President, Government Relations &<br>Public Affairs | N/A |
| CHRIST, ERIC J.<br>ADDRESS ON FILE | Vice President, General Counsel & Corporate<br>Secretary | N/A |
| EXTRACTION OIL & GAS, INC.<br>370 17TH STREET<br>SUITE 5300<br>DENVER, CO 80202 | Sole Member | 100 |
| FOSCHI, MARIANELLA<br>ADDRESS ON FILE | Vice President, Finance | N/A |
| OWENS, MATTHEW R.<br>ADDRESS ON FILE | President and Chief Executive Officer | N/A |
| TYREE, THOMAS<br>ADDRESS ON FILE | Executive Chairman | N/A |

Debtor Name: Table Mountain Resources, LLC                                    Case Number: 20-11555

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name and address | Position and nature of any interest | Period during which position or interest was held From | Period during which position or interest was held To |
|---|---|---|---|
| ERICKSON, MARK A.<br>ADDRESS ON FILE | Chief Executive Officer | 06/12/2017 | 03/04/2020 |
| JACOBSEN, ERIC S.<br>ADDRESS ON FILE | Senior Vice President of Operations | 06/12/2017 | 12/09/2019 |
| KELLEY JR, RUSSELL T.<br>ADDRESS ON FILE | Chief Financial Officer | 06/12/2017 | 09/15/2019 |